**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 4:20cr32-MW

PHILLIP GOLIGHTLY
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Phillip Golightly, by and through undersigned counsel, hereby submits his sentencing memorandum to this Honorable Court, and states as follows.

On October 16, 2020, Defendant plead guilty to two counts of sexual abuse of a ward.

The PSR was completed, with a sentencing range of 12-18 months. Defendant has no objections to the PSR.

Defendant is not requesting a downward departure, but rather is requesting this Court sentence him within the guidelines set forth within the Presentence Investigation Report ("PSR") [ECF 28].

As mentioned within the PSR, Mr. Golightly stipulates that the incidents that he has plead guilty to occurred, however he disputes the manner in which the government describes them. Specifically, that no force or physical coercion was used during any of the sexual acts Mr. Golightly is accused of engaging in. To the extent the government attempts to argue that Mr. Golightly should be sentenced as if force was used for any of the sexual acts, they would be attempting an end around, by not charging Mr. Golightly for sexual battery and then arguing that he should be sentenced as if he had plead to or was convicted of that crime. Had the Government charged Mr. Golightly with higher offense level offense, Mr. Golightly would have disputed those allegations and would have fervently litigated against them. To sentence him as if he had committed a sexual battery would be a deprivation of due process.

Additionally, as noted in the PSR, absent the charged conduct, Mr. Golightly has been a model citizen. He had no prior criminal record. He was employed by the Bureau of Prisons for over 19 years with no misconduct issues.

The conduct at issue occurred after Mr. Golightly suffered a near death experience. On October 5, 2017, Mr. Golightly was a in a severe car accident, which left him in a coma for several weeks. After recovering from this tragic experience, Mr. Golightly began making terrible self-destructive life decisions, including engaging in the conduct for which he has plead guilty to. He also made bad financial decisions and family decisions. It is clear that as a result of the accident

that Mr. Golightly began engaging in a self-destructive behavior, possibly related to a traumatic brain injury he suffered as a result of the crash. He has had multiple signs of a TBI including various exacerbated mental health conditions and drastic mood swings, in addition to the new uncharacteristic behavior. Alternatively, it could be the result of a type of Superman complex, whereby after the near-death experience he started to believe he was invincible and could do anything. These potential explanations are not offered as an excuse, but rather as an explanation for the conduct that Mr. Golightly engaged in, particularly when that conduct was different than his life-time of conduct prior to his near death experience.

18 U.S.C. §3553(a) provides that a sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." See U.S. v. Shortt, 485 F.3d 243, 247 (4th Cir. 2007). In weighing the sufficiency of a sentence, the Court should consider the advisory sentencing range recommended by the Guidelines in addition to other sentencing factors such as:
(1) The nature of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed;
(3) The kinds of sentences available;
(4) The sentencing guidelines;
(5) Any pertinent policy statements issued by the Sentencing Commission;
(6) The need to avoid unwarranted disparities among similar offenders; and
(7) The need to provide restitution to the victims.

See 18 U.S.C §3553(a).

The guidelines sentence in the PSR is sufficient to meet all of the sentencing objectives. The charge also calls for a probationary sentence after the prison sentence. The arrest and resulting consequences have already been the necessary wake up call for Mr. Golightly to snap him out of his self-destructive behavior. He lost his career, and is in the process of a separation from his wife, consequently losing time with his three boys. He has seen the consequences of his bad decisions. As noted above, Mr. Golightly is not requesting a downward departure, so he also knows that there is a prison sentence of some length in his future. This will further exacerbate his lost time with his children, damage to his family, and negative financial consequences.

For the foregoing reasons, Mr. Golightly respectfully requests that this Court impose a sentence within the Guidelines' sentencing range.

Respectfully submitted this 20th day of April, 2021.

*/s/ Eric T. Abrahamsen*
**Eric T. Abrahamsen**
Florida Bar No.: 43115

**FRIEDMAN, ABRAHAMSEN & CRUZ**
403 E. Park Avenue

Tallahassee, FL 32301
Telephone:(850)681-3540
Abraham.et@gmail.com

ATTORNEY FOR MR. GOLIGHTLY